IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RODNEY ADAM HURDSMAN, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | NO. 4:21-CV-427-O |
| § | |
| BOBBY LUMPKIN, DIRECTOR, § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER

Came on for consideration the petition of Rodney Adam Hurdsman, Petitioner, under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, finds that the petition should be denied.

**I.   BACKGROUND**

Respondent has custody of Petitioner pursuant to a judgment and sentence under Cause No. CR17817 in the 271st District Court of Wise County, Texas, for theft of property valued between $20,000 and $100,000. Petitioner is serving a sentence of seventy-five years. Petitioner appealed and the Second Court of Appeals of Texas affirmed the judgment. *Hurdsman v. State*, No. 02-17-00319-CR, 2018 WL 5832116 (Tex. App.—Fort Worth Nov. 8, 2018, pet. ref'd). The pertinent facts are set forth in the appellate opinion and need not be repeated here. The Court of Criminal Appeals of Texas refused his petition for discretionary review. *Id.*

Petitioner filed a state application for writ of habeas corpus, which was denied without written order on the findings of the trial court and upon independent review. Doc.[1] 18-58.[2] Petitioner timely filed his federal application. Doc. 1.

## II. GROUNDS OF THE PETITION

Petitioner asserts five grounds in support of his petition, worded as follows:[3]

GROUND ONE: Applicant was denied his right to effective counsel during pretrial plea-bargaining in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution.

GROUND TWO: Applicant was denied counsel altogether during critical stages of the case in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution.

GROUND THREE: Applicant was denied the right to a speedy trial in violation of the Sixth Amendment to the U.S. Constitution.

GROUND FOUR: Applicant was denied due process and a fair trial in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution because he was shackled during trial.

GROUND FIVE: Applicant was denied the right to effective assistance on direct appeal as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution.

Doc. 1 at 6–7A.

## III. APPLICABLE LEGAL STANDARDS

### A. Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.
[2] The state court records are filed as item 18 on the docket. The records are so voluminous that item 18 has 76 sub-parts. Thus, the reference to "Doc. 18-58" is to subpart 58 of document 18.
[3] Although he lists six grounds in the petition, Petitioner withdrew the sixth ground in his memorandum in support of the petition. Doc. 12 at 22.

proceedings unless the petitioner shows that the prior adjudication:

    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002)(*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence). A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may imply fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210

3

F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000)(*per curiam*). "The likelihood of a different result must be substantial, not just conceivable," *Harrington*, 562 U.S. at 112, and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where, as here, the state court adjudicated the ineffective assistance claims on the merits, this Court must review Petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is

"whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013)(quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.   ANALYSIS

Petitioner's first and second grounds allege that he received ineffective assistance of counsel. In his first ground, he alleges that counsel failed to convey his acceptance of an 18-month plea offer. Doc. 1 at 6; Doc. 12 at 4–8. In his second ground, he alleges that he had no counsel at all during a critical stage of pretrial proceedings. Doc. 1 at 6; Doc. 12 at 9–11. Relief was denied in the state habeas proceedings on both of these grounds. To be entitled to proceed here, Petitioner must show by clear and convincing evidence that the state court's fact findings were erroneous. 28 U.S.C. § 2254(e). This he has not done.

In support of his first ground, Petitioner alleges: Petitioner retained Jim Shaw to represent him in the underlying criminal case on April 24, 2014. Raymond Napolitan, Shaw's associate, took the lead in representing Petitioner. On August 13, 2014, after a brief court appearance, Napolitan told him that he had negotiated an 18-month plea deal. Petitioner accepted the deal, but Napolitan failed to convey his acceptance to the State in

a timely manner. As a result of this failure, Petitioner was ultimately sentenced to 75 years' imprisonment. Doc. 12 at 4–6.

In assessing this claim in the state habeas proceedings, among other things, the trial court relied upon Napolitan's affidavit denying that such a plea deal had even been offered. Doc. 18-71 at 2–5. Petitioner says that the finding that an offer was not made is clearly erroneous because he proffered a recording of a conversation between him and Napolitan while Petitioner was confined in the Williamson County jail on June 3, 2015, in which Napolitan acknowledged the existence of an 18-month plea offer. In other words, he wants the Court to review *de novo* the trial court's fact findings and reach the opposite conclusion, that there was a plea offer. However, the Court "is not considering the issue on a clean slate." *Harper v. Lumpkin*, 19 F.4th 771, 786 (5th Cir. 2021). It has the trial court's findings and the state habeas conclusion that Petitioner was not entitled to relief on this ground. To prevail, Petitioner must show that the adjudication of the claim resulted in a decision that was based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). This he is not able to do.

Petitioner contends that his alleged recording establishes that a plea offer was made. He fails to consider that the state court was apparently not persuaded that the recording was authentic.[4] Given Petitioner's behavior throughout the course of the

---

[4] Contrary to Petitioner's wholly unsupported reference to the "state courts' inexplicable refusal to consider the recording," Doc. 20 at 4, the state habeas court denied relief based on the findings and conclusions of the trial court and its own independent review of the record. Doc. 18-58.

underlying case, it would not be surprising that anything he presented or any representation he made would not be considered credible. The recording is not transcribed or in the state habeas record transmitted in this case. Petitioner's own description of the recording does not establish his claim.[5] Rather, Petitioner purports to have said, "18-months at first is what they offered," to which Napolitan replied, "Yah, then they added additional charges." Doc. 18-70 at 38.[6] Petitioner does not contend that any further discussion took place, which is incredible if, indeed, Napolitan had failed to convey Petitioner's acceptance of a plea offer. Petitioner further argues that "Napolitan withdrew from the case while plea-bargain negotiations were still ongoing in the case," which is inconsistent with his argument here. *Id.* at 39. In any event, even if an offer had been made and accepted—and the trial court found that that was not the case—Petitioner failed to carry his burden to show prejudice.

The trial court found that Petitioner was charged with a third degree felony; his minimum term of imprisonment was two years; he was eligible to be enhanced as an habitual criminal and was ultimately so enhanced; and that, at the time of the alleged offer, the Wise County District Attorney did not typically reduce felonies in cases where the defendant was an habitual offender. Doc. 18-71 at 7–8. It concluded that Petitioner

---

[5] The Court notes that Petitioner gave the state court two completely different descriptions of his alleged conversation with Napolitan. In a different filing, Petitioner represented that the phone conversation had taken place when Petitioner was an inmate in the Saline County Detention Facility in Benton, Arkansas, and that he had obtained a copy from the U.S. Attorney's office in Little Rock. Doc. 18-70 at 71–72. Despite Respondent having pointed out the inconsistencies in his response, Doc. 16 at 12 & n.4, Petitioner does not address the matter in his reply. Doc. 20.

[6] Petitioner admits that an additional state jail felony theft charge was brought in September 2014. Doc. 18-70 at 38.

7

had the burden to establish harm; he adduced no evidence beyond assertions to carry his burden; and, there was no credible evidence that Napolitan's performance prejudiced Petitioner. *Id.* at 9. Petitioner simply does not address the matter of prejudice other than to speculate that the plea would have been entered and the court would have accepted it and sentenced him to 18 months' imprisonment.

      To support his second ground—that he was denied counsel at a critical stage—Petitioner relies upon the truth of his first ground, that a plea offer was pending when his counsel withdrew on October 7, 2014. The habeas court found that such an offer was not extended. But, even if it was, the alleged ineffective assistance took place before that date, when Napolitan allegedly failed to timely tell the State that Petitioner accepted the 18-month plea offer. As Petitioner admits, another charge was added in September 2014, before counsel withdrew. And, at the time counsel withdrew, Petitioner had absconded and been arrested in Louisiana on a bank robbery charge out of Arkansas. Doc. 18-14 at 12–14. He also spent time incarcerated in Saline County, Arkansas, and Williamson County, Texas. *See* Doc. 18-70 at 37, 71; Doc. 18-71 at 6, ¶¶ 3–7. His allegation of "languish[ing] in pretrial detention," implying that he was in Wise County awaiting trial, from October 7, 2014, until July 2017 is spurious. Doc. 12 at 10. The trial court found that no substantive action was taken during that time period, except for the granting the motion to withdraw and issuing a capias. Doc. 18-71 at 7. Moreover, even though Petitioner's counsel had withdrawn, they posted five bonds on his behalf, continued to accept his calls and communicate with him, and assisted him following withdrawal. *Id.*

8

At no time prior to July 7, 2017, did Petitioner notify the trial court that he was indigent or wanted an attorney to be appointed to represent him. *Id.* His only argument is a conclusory one that the trial court's habeas findings were unsupported. He has not met his burden to show that the fact findings were clearly erroneous. Nor has he cited to any other case with similar facts and circumstances to show that the state court unreasonably applied clearly established federal law in concluding that Petitioner was represented at all critical stages of his case.

Petitioner's third ground—that his right to speedy trial was violated—was the subject of his state court appeal. *Hurdsman*, 2018 WL 5832116. The state court engaged in an extensive analysis and Petitioner has not shown that its adjudication of the claim resulted in a decision that was (1) contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Instead, he makes arguments that ignore the facts and cites cases that are inapposite. For example, he argues that the state court failed to consider that for almost three years he was not even aware that he was unrepresented and that there was no one safeguarding his right to speedy trial, Doc. 20 at 7, whereas the appellate court noted that Petitioner stated in an affidavit that he had repeatedly requested a speedy trial and complained that he was continuously incarcerated.[7] *Hurdsman*, 2018

---

[7] The affidavit was not offered into evidence; hence, the record showed that Petitioner did not raise the speedy trial complaint for almost three years. *Hurdsman*, 2018 WL 5832116, at *4. Had he made a demand for a speedy trial, the State would have been obligated to make a diligent, good faith effort to bring him back to Texas for trial. *Hopper v.*

WL 5832116, at *4. He overlooks that nothing in the record indicated that the State had acted in bad faith.[8] *Id.* at *5. In citing *Russell v. Denmark*, 528 F. Supp. 3d 482 (S.D. Miss. 2021), *appeal docketed*, No. 21-60344 (5th Cir. Apr. 22, 2021), Petitioner overlooks that the defendant in that case had done nothing to interrupt his case, unlike Petitioner, who had absconded and been arrested and transferred several times in connection with other criminal activity. And, Petitioner fails to note that he is only entitled to a presumption of prejudice if the first three *Barker*[9] factors weigh heavily in his favor, which they did not. *Amos v. Thornton*, 646 F.3d 199, 208 (5th Cir. 2011).

In his fourth ground, Petitioner complains about being shackled during trial. The Court of Criminal Appeals of Texas denied this ground based on its own independent review of the record. Petitioner has not shown that he is entitled to relief here. For all of the reasons discussed by Respondent, no violation of Petitioner's rights occurred. Doc. 16 at 27–31. In sum, Petitioner was not visibly shackled and he does not cite any Supreme Court case requiring a court to justify the use of non-visible restraints.[10] Even if there was

---

*State*, 520 S.W.3d 915, 926 (Tex. Crim. App. 2017). By leaving Texas and committing crimes in other states, Petitioner created at least a modest impediment to prosecution here. *Id.* at 927. The longer Petitioner delayed in seeking a speedy trial, the more his inaction weighed against him. *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003).

[8] Although the State bore the burden to argue and prove a valid reason for the delay, in the absence of proof, the court could presume neither a deliberate attempt by the State to prejudice Petitioner nor a valid reason for the delay. *McIntosh v. State*, 307 S.W.3d 360, 367–68 (Tex. App.—San Antonio 2009, pets. ref'd).

[9] *Barker v. Wingo*, 407 U.S. 514 (1972).

[10] The trial court ordered use of a knee restraint that would not be visible to the jury, explaining the reasons for doing so. Doc. 18-23 at 15–21. During a hearing outside the jury's presence, Petitioner claimed that one of the jurors had remarked about him walking funny during a recess. Neither the judge nor any of the attorneys, all of whom were in the courtroom, had heard such a remark. Doc. 18-20 at 226–27.

such authority, the trial court sufficiently justified use of the knee restraint. Doc. 18-23 at 15–21.

In his fifth ground, which is wholly conclusory, Petitioner says that he received ineffective assistance on appeal because the issue of illegal search and seizure was not raised. He admits, however, that the issue would have been difficult for appellate counsel to assess since the trial court did not conduct a hearing and make findings of fact and conclusions of law. Doc. 1 at 7A; Doc. 20 at 9–10. The state habeas court denied relief, finding that Petitioner did not receive ineffective assistance of appellate counsel. Petitioner's reply acknowledges that finding, but argues without support that the Court should consider the actions of the trial court *de novo*. Doc. 20 at 9–10. Even if it would be proper for the Court to do so and the Court found that the issue should have been raised, Petitioner has made no attempt to show that, but for ineffective assistance of appellate counsel, the outcome of the case would have been different. *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

For the reasons discussed above, Petitioner is not entitled to a hearing. The cases upon which he relies are not controlling here. Doc. 12 at 22–24. In *Richards v. Quarterman*, 578 F. Supp. 2d 849 (N.D. Tex. 2008), *aff'd*, 566 F.3d 553 (5th Cir. 2009), the State did not argue that § 2254(e)(2) barred a hearing, as it does here. In *Banks v. Vannoy*, 708 F. App'x 795 (5th Cir. 2017), the record had not been fully developed. Petitioner's claims, having been adjudicated on the merits in state court, are subject to 28

U.S.C. § 2254(d) and he has not met his burden thereunder. Thus, the analysis is at an end. *Cullen*, 563 U.S. 170, 203 n.20 (2011).

## VI.   ORDER

The Court **ORDERS** that the relief sought by Petitioner in his petition under § 2254 be, and is hereby, **DENIED**.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further **ORDERS** that a certificate of appealability be, and is hereby, denied, as Petitioner has not made a substantial showing of the denial of a constitutional right.

**SO ORDERED** on this 18th day of February, 2022.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**